# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2015

Lyle W. Cayce
Clerk

No. 14-51243
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO DUBLE-RAMOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:14-CR-355-2

Before JOLLY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Francisco Duble-Ramos pleaded guilty to possession with the intent to distribute 50 to 100 kilograms of marijuana and was sentenced to 18 months of imprisonment. Duble-Ramos entered a plea under Federal Rule of Criminal Procedure 11(a)(2), specifically reserving a challenge to the district court's adverse ruling on his motion to suppress. He argues that the district court erred in denying his motion to suppress his statements regarding his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nationality and immigration status.   Duble-Ramos contends that these statements should have been suppressed because they were made before he had been advised of his *Miranda* rights but after he was in custody.

In the district court, Duble-Ramos argued that his detention was not supported by reasonable suspicion.  He did not argue, as he now does on appeal, that his statements were subject to suppression because they were made while he was detained but before he received *Miranda*[1] warnings.  Accordingly, Duble-Ramos waived the only argument he advances on appeal.  *See United States v. Pope*, 467 F.3d 912, 914-15, 917-20 (5th Cir. 2006).  This court does not review waived errors.  *United States v. Rodriguez*, 602 F.3d 346, 350-51 (5th Cir. 2010).

Regardless, Duble-Ramos would not prevail even if this court assumes that he merely forfeited the argument and that plain error review applies.  *See Pope*, 467 F.3d at 919 n.20.  To establish plain error, an appellant must show a forfeited error that is clear or obvious that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id*.

Duble-Ramos's challenge to the district court's ruling denying the suppression of his statements fails because an alien's "INS file and even his identity itself are not suppressible."  *United States v. Hernandez-Mandujano*, 721 F.3d 345, 351 (5th Cir. 2013).  Moreover, even if the court erred in finding the statements not suppressible, the error would not affect Duble-Ramos's substantial rights because the contested statements regarding his nationality and immigration status were not necessary to establish the elements of the offense of conviction.  *See United States v. Solis*, 299 F.3d 420, 446 (5th Cir.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

No. 14-51243

2002). Thus, he has not made the required showing that the error affected the outcome. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.